**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:13-cv-74-RJC**

| | | |
|---|---|---|
| **DONALD E. STILES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| **WADE ASKEW,** | ) | |
| | ) | |
| **Defendant.** | ) | |
|                           | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed

pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(a). For the reasons that follow, Plaintiff's

complaint will be dismissed.

**I.      BACKGROUND**

According to the website of the North Carolina Administrative Office of the Courts,

Plaintiff is awaiting disposition of over two dozen felony sex degree offenses against a child and

is currently housed at the Haywood County Detention Center within the Western District.

In his complaint, Plaintiff contends that Defendant Askew, who appears to be employed

as an officer in the detention center, refused to conduct Plaintiff to a scheduled medical

appointment on March 12, 2013. According to the complaint, Defendant Askew arrived at

Plaintiff's cell to transport him to his medical appointment and then apparently changed his mind

and refused to take Plaintiff and then shut the door in Plaintiff's face. (Doc. No. 1-2).

Plaintiff maintains that he missed seeing medical staff for two (2) days and he asserts that

Defendant's action, or inaction, in failing to take him to the medical appointment put Plaintiff's

1

life in danger. Plaintiff appears to suggest that he complained about Defendant Askew's behavior but "they won't do nothing about it." (Doc. No. 1 at 3). In his claim for relief, Plaintiff seeks monetary damages against Defendant Askew in the amount of $50,000 and for Askew to pay his medical bills. (Id. at 5).

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1) & (b)(2). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the comlpaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). In particular, although the Court must consider all well-pleaded allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and must construe all factual allegations in the light most favorable to the plaintiff, Harris v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th

Cir. 1999), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III.    DISCUSSION

Plaintiff does not set forth what federal law he asserts has been violated by Defendant Askew. The conditions of confinement of a pretrial detainee are generally evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). In order to establish that the conditions of confinement support a finding of a constitutional violation, a plaintiff bears the burden of demonstrating that the conditions resulted "in the denial of the minimal civilized measures of life's necessities," and that prison officials expressed deliberate indifference to the plaintiff's health or safety needs. Farmer v. Brennan, 511 U.S. 825, 834 (1980).

In the present case, Plaintiff appears to contend that Defendant Askew had the exclusive responsibility to transport him to his medical appointment. However, Plaintiff's allegations fall short of stating a cognizable claim under Section 1983. Plaintiff does not allege that Askew prevented him from seeking transport from another officer, and Plaintiff does not fairly identify what medical complication he may have suffered through a short delay in treatment. The Court finds that Plaintiff has failed to state a claim upon which relief may be granted. At best, Plaintiff is seeking to vindicate what may have been embarrassment he experienced at having a door closed in his face. This, however, is not actionable in this Section 1983 proceeding which seeks to press a constitutional violation. See Zherka v. Amicone, 634 F.3d 642, 645-46 (2d Cir. 2011) ("Hurt feelings or a bruised ego are not by themselves the stuff of constitutional tort.") (citing Sadallah v. City of Utica, 383 F.3d 34, 38 (2d. Cir. 2004) (internal citation omitted). See also

Price v. City of Charlotte, N.C., 93 F.3d 1241, 1251 (4th Cir. 1996) (litigant "must demonstrate a causal connection between the constitutional violation and their demonstrable emotional distress to recover compensatory damages.") (Gore v. Turner, 563 F.2d 159, 164 (5th Cir. 1997)). In the present case, although Plaintiff seeks $50,000 in damages, he does not make any reasonable connection between the defendant's alleged actions and his claim for damages. For instance, there is no indication that Plaintiff has incurred medical expenses as a result of the allegations raised in his complaint. Plaintiff's claim under the due process clause will be dismissed.

In the event a lone denial of transport to a medical appointment requires examination of whether Plaintiff's protections under the Eighth Amendment are implicated, the Court must conclude that Plaintiff has failed to state a claim. A claim under § 1983 based on an alleged lack of or inappropriate medical treatment falls within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575–76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106;

4

Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

Plaintiff's allegations are wholly conclusory and do not alert this Court to any medical injury suffered based on one delayed medical appointment. For the foregoing reasons, Plaintiff's complaint will be dismissed.

## IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim and as being frivolous. 28 U.S.C. § 1915A(b)(1). (Doc. No. 1).

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge